UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JAMAN PEETE, | No.  2:24-cv-03440 WBS SCR P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELO, | |
| Defendant. | |

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under to 42 U.S.C. § 1983.  Before the undersigned is plaintiff's complaint for screening under 28 U.S.C. § 1915A.  (ECF No. 1.)  For the reasons set forth below, the undersigned finds that the complaint fails to state any cognizable claims.  Plaintiff will be given an opportunity to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  (ECF No. 2.)  He has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial

1

1  partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order
2  directed to CDCR requires monthly payments of twenty percent of the prior month's income to be
3  taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid
4  in full. See 28 U.S.C. § 1915(b)(2).

## STATUTORY SCREENING

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

/////

**PLAINTIFF'S COMPLAINT**

The incidents underlying the complaint occurred between April 15, 2024, and April 18, 2024, when plaintiff was incarcerated at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 3.) Plaintiff states that he suffers from chronic high risk medical issues. (Id. at 2.) On April 15, 2024, Plaintiff became ill, and was taken to a medical unit on April 18, 2024, where he notified staff that he was designated as a "high risk medical" inmate. (Id.) Plaintiff alleges that while he waited for staff to attend to him, he became faint and fell to the floor. (Id.) Plaintiff states he was on the floor for 30 to 45 minutes before an inmate came and asked if he was okay. (Id.) Staff eventually responded, and plaintiff was found to be positive for influenza and had a high temperature. (Id.)

Plaintiff states he alerted the medical staff that he was immune suppressed and designated as "high risk medical" and had been hospitalized several times. (ECF No. 1 at 2.) MCSP has documentation on file that plaintiff should be sent to the hospital and seen by a doctor in similar situations when he is sick, but instead he was treated at the medical unit, and later sent to an isolation quarantine cell. (Id. at 4.) In isolation quarantine, plaintiff alleges he was housed in a dirty cell, and was not given any bedding, a mattress to sleep on, or his cane to stand with. (Id.) Plaintiff also states that he was not given a change of clothing, or an opportunity to shower for three days. (Id.)

Not all of plaintiff's factual allegations are presented with specific dates, but he states that the event referenced above, coupled with his health conditions, caused him to pass out again. (ECF No. 1 at 5.) Medical staff were called, but the doctor was not available. Plaintiff was not taken to the hospital and instead was returned to his cell. (Id.) He asserts these events caused intense problems with his lungs and breathing, and also mental incapacities that persisted for 60 days. (Id.) In sum, plaintiff alleges that he suffers a high risk of fatality from the flu or other sickness because of his health conditions, which are documented in his medical file, and that he requires greater care than those in similar situations because of those health conditions. (Id. at 7)

Plaintiff alleges these events violated his Eighth Amendment rights. He seeks damages and costs for his pain and suffering in the amount of $350,000. (ECF No. 1 at 12.) Plaintiff also seeks injunctive relief to prevent such conduct from reoccurring. (Id. at 11). Plaintiff sues

Defendant Patrick Covelo who is the Warden of MCSP.  Plaintiff's Complaint does not indicate in what capacity is he suing the Warden, nor does he mention the Warden in the facts at all.  Plaintiff does not name or otherwise identify any medical staff or prison officials.

## DISCUSSION

### I. Eighth Amendment Deliberate Indifference to Serious Medical Needs

#### A. Legal Standard

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id. (citing Estelle, 429 U.S. at 104).  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d at 1131-32 (citing McGuckin, 974 F.2d at 1059-60).

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer, 511 U.S. at 837.  This "subjective approach" focuses

only "on what a defendant's mental attitude actually was." (Id. at 839.) A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (citing Estelle, 429 U.S. at 105-106).

"[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks omitted). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See also Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

To show that a defendant was deliberately indifferent to his medical needs, plaintiff must explain exactly what that the defendant did or did not do. Plaintiff should use simple language to tell the court why those facts show the defendant was deliberately indifferent. Moreover, as for any § 1983 claim, there must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691–92 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

**B. Analysis**

Plaintiff's alleged comorbidities that enhance his risk of fatality from the flu or other viruses are sufficiently serious. See Jett, 439 F.3d at 1096; Estelle, 429 U.S. at 104. However, to the extent Plaintiff intends to name defendant Covelo in his individual capacity, he does not allege sufficient facts to establish Covelo's deliberate indifference. Plaintiff does not identify how the Warden had subjective knowledge of his injuries or otherwise link the Warden to the alleged inadequate care. Plaintiff does allege medical staff ignored his need for emergency medical care, but does not name any medical staff as defendants or otherwise identify them in the supporting facts. Further, Plaintiff's allegation that he was given medication and fluids and sent

to isolation quarantine at best amounts to negligence that is not actionable under the Eighth Amendment.  See Frost, 152 F.3d at 1130; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice.").

Moreover, plaintiff does not allege how long defendants' actions delayed his access to medical care, or whether the delay put him at further risk of serious harm.  Plaintiff received care, including medication and fluids, hours after he complained of his pain.  "Although [plaintiff's] treatment was not as prompt or efficient as a free citizen might hope to receive, [he] was given medical care at the prison that addressed his needs."  Wood, 900 F.2d at 1334.  Accordingly, plaintiff has not alleged an Eighth Amendment medical indifference claim against Covelo.

Even if Plaintiff had stated a cognizable claim, his request for injunctive relief is likely moot.  Plaintiff notified the court on March 20, 2025, that he has transferred to the California Medical Facility (CMF) in Vacaville.  (ECF No. 7.)  When an incarcerated plaintiff seeks injunctive relief concerning a particular facility, like plaintiff's request here to prevent such conduct from reoccurring, his claims for such relief become moot when he is no longer subjected to those conditions.  See Tiedemann v. von Blanckensee, 72 F.4th 1001, 1008 (9th Cir. 2023); see also Garcia v. Adams, No. 1:06-CV-0360 OWW DLB PC, 2007 WL 2492683, at *1 n.1 (E.D. Cal. Aug. 30, 2007) (screening out request for equitable relief because "[p]laintiff is no longer housed at the prison at which his claims accrued"), report and recommendation adopted, No. 1:06-cv-0360 OWW GSA PC, 2007 WL 3172930 (E.D. Cal. Oct. 29, 2007).  Finally, to the extent plaintiff seeks damages against the Warden in his official capacity, his claims are barred by the Eleventh Amendment.  See Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007) ("state officials sued in their official capacities . . . are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity").

## II.     Failure to State a Claim

After conducting the screening required by 28 U.S.C. § 1915A(a), the undersigned finds that Plaintiff has not adequately stated a valid claim for relief pursuant to the Eighth Amendment against defendant Covelo.  Because of the defects identified above, the court will not order the

1 | complaint to be served on defendants.

2 |     Plaintiff may try to fix these problems by filing an amended complaint.  In deciding
3 | whether to file an amended complaint, plaintiff is provided with the relevant legal standards
4 | governing his potential claims for relief which are attached to this order.  See Attachment A.
5 | Because of plaintiff's passing reference to the dirtiness of the isolation cell, the undersigned has
6 | provided the general Eighth Amendment conditions of confinement standard in addition to the
7 | Eighth Amendment standard for medical indifference.

8 |     If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
9 | about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,
10 | 423 U.S. 362, 370-71 (1976).  Also, the complaint must specifically identify how the named
11 | defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).
12 | There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
13 | connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,
14 | 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official
15 | participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,
16 | 268 (9th Cir. 1982) (citations omitted).

17 |     Plaintiff is also informed that the court will not refer to a prior pleading to make his
18 | amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an
19 | amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)
20 | (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir.
21 | 2012).  **Thus, in an amended complaint, every claim and every defendant must be included.**

## CONCLUSION

23 | In accordance with the above, IT IS HEREBY ORDERED that:
24 |     1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.
25 |     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
26 | is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
27 | 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
28 | appropriate agency filed concurrently herewith.

7

1    3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28
2  U.S.C. § 1915A, and will not be served.
3    4.  Within 30 days from the date of service of this order, plaintiff may file an amended
4  complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil
5  Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket
6  number assigned this case, **2:24-cv-3440 WBS SCR P,** and must be labeled **"First Amended**
7  **Complaint."**
8    5.  Failure to file an amended complaint in accordance with this order will result in a
9  recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil
10  Procedure.
11    6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint
12  form used in this district.
13  DATED: December 1, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

**I.     Eighth Amendment Deliberate Indifference to Serious Medical Needs**

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (citing Estelle, 429 U.S. at 104). "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-32 (citing McGuckin, 974 F.2d at 1059-60).

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer, 511 U.S. at 837. This "subjective approach" focuses only "on what a defendant's mental attitude actually was." (Id. at 839.) A showing of merely

1   negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152

2   F.3d 1124, 1130 (9th Cir. 1998) (citing Estelle, 429 U.S. at 105-106).

3         "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the

4   doctors chose was medically unacceptable under the circumstances and that the defendants chose

5   this course in conscious disregard of an excessive risk to the plaintiff's health." Hamby v.

6   Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks omitted).

7   A difference of opinion about the proper course of treatment is not deliberate indifference, nor

8   does a dispute between a prisoner and prison officials over the necessity for or extent of medical

9   treatment amount to a constitutional violation. See also Toguchi v. Chung, 391 F.3d 1051, 1058

10  (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more,

11  does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same);

12  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

13        To show that a defendant was deliberately indifferent to his medical needs, plaintiff must

14  explain exactly what that the defendant did or did not do. Plaintiff should use simple language to

15  tell the court why those facts show the defendant was deliberately indifferent.  Moreover, as for

16  any § 1983 claim, there must be an actual causal link between the actions of the named

17  defendants and the alleged constitutional deprivation. See Monell v. Dep't of Soc. Services, 436

18  U.S. 658, 691–92 (1978); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

19        **II.**    **Eighth Amendment Conditions of Confinement**

20        Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

21  clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F. 3d 726, 731 (9th

22  Cir. 2000).  To succeed on an Eighth Amendment conditions of confinement claim, plaintiff must

23  show that (1) the defendant jail official's conduct deprived him of the minimal civilized measure

24  of life's necessities and (2) that the defendant acted with deliberate indifference to the plaintiff's

25  health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

26        "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute

27  an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of

28  Kern, 45 F.3d 1310, 1314 (9th Cir. 1995).  "Usually, a more offensive condition will be of

constitutional significance when it exists for even a short time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time." Cockcroft v. Kirkland, 548 F. Supp. 2d 767, 775 (N.D. Cal. 2008) (denying motion to dismiss Eighth Amendment claim where plaintiff alleged he endured backflushing toilets for two years and officials refused to provide adequate supplies and tools to sanitize in response); see also Johnson, 217 F.3d at 731 ("The more basic the need, the shorter the time it can be withheld." (quoting Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982))).